IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JOY A. ALLEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 3:20-cv-01099 |
| | ) | |
| CHRISTINE WORMUTH, SECRETARY | ) | JUDGE CAMPBELL |
| DEPARTMENT OF THE ARMY, | ) | MAGISTRATE JUDGE HOLMES |
| | ) | |
| Defendant. | ) | |

**ORDER**

Pending before the Court is the Magistrate Judge's Report and Recommendation (Doc. No. 30), which was filed on January 31, 2022. Through the Report and Recommendation, the Magistrate Judge recommends that Defendant's motion (Doc. No. 21) to transfer venue and for partial dismissal be granted in part and denied in part, and that this action be transferred to the Eastern District of Virginia. Plaintiff filed objections (Doc. No. 32). For the reasons discussed below, the Magistrate Judge's Report and Recommendation is adopted and approved.

**I.    STANDARD OF REVIEW**

Under 28 U.S.C. § 636(b)(1) and Local Rule 72.02, a district court reviews *de novo* any portion of a report and recommendation to which a specific objection is made. *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001). General or conclusory objections are insufficient. *See Zimmerman v. Cason*, 354 F. Appx. 228, 230 (6th Cir. 2009). Thus, "only those specific objections to the magistrate's report made to the district court will be preserved for appellate review." *Id*. (quoting *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987)). In conducting the review, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## II.     ANALYSIS

Plaintiff brings claims against Defendant under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.* ("Title VII"). (*See* Doc. No. 1). Venue of Title VII claims is governed by 42 U.S.C. § 2000e–5(f)(3), which provides that an action may be brought:

> [1] in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, [2] in the judicial district in which the records relevant to such practice are maintained and administered, or [3] in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought [4] within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e–5(f)(3). The Magistrate Judge determined that the Middle District of Tennessee did not satisfy any of the venue rules set forth in Section 2000e–5(f)(3):

> Nothing in Plaintiff's complaint or in her response to Defendant's motion show that her lawsuit may be brought within the Middle District of Tennessee under any of the venue rules set out in 42 U.S.C. § 2000e-5(f)(3). Plaintiff's claims are based entirely upon events that occurred in Kuwait, and there is nothing showing that this District is (1) the location where Plaintiff's employment records are maintained and administered, (2) the judicial district in which Plaintiff would have worked but for the alleged unlawful employment practices, or (3) the judicial district in which Defendant has its principal office. Thus, Plaintiff fails to show that proper venue exists in this District. *See Stamper v. Shinseki*, 2011 WL 3739217, at *3 (E.D. Tenn. Aug. 24, 2011) ("Venue is improper in the Eastern District of Tennessee under 42 U.S.C. § 2000e–5(f)(3) because none of the statutory grounds is applicable."); *Whipstock v. Raytheon Co*, 2007 WL 2318745, at *2 (E.D. Mich. Aug. 10, 2007) ("If the plaintiff brings suit in a jurisdiction that does not satisfy one of the venue requirements listed in 42 U.S.C. § 2000e-5(f)(3), venue is improper.").

(Report and Recommendation, Doc. No. 30 at 5). Plaintiff raises three objections to the Report and Recommendation. First, Plaintiff claims that the Magistrate Judge erred by finding that Plaintiff had the burden of proof on Defendant's motion to transfer venue. (*See* Doc. No. 32 ¶¶ 1-5, 12, 15-

21, 38). Second, Plaintiff claims that the Magistrate Judge erred by failing to apply the personal jurisdiction doctrine of minimum contacts. (*See id*. ¶¶ 6-9, 13, 22-28, 39). Third, Plaintiff claims that the Magistrate Judge erred by failing to consider the convenience of the parties and the interests of justice. (*See id*. ¶¶ 14, 29-34, 40).

Plaintiff's first objection is to Magistrate Judge's determination that it was Plaintiff's burden to establish that venue is proper under Section 2000e–5(f)(3). However, Plaintiff does not object to the Magistrate Judge's finding that the Middle District of Tennessee does not satisfy any of the venue rules set forth in Section 2000e–5(f)(3). Additionally, this objection simply restates facts and arguments that Plaintiff made in her response in opposition to Defendant's motion and the Magistrate Judge already considered. (*See* Doc. No. 23; Doc. No. 30 ("In response, Plaintiff argues primarily that Defendant mispresents the standards for transferring her lawsuit under 28 U.S.C. § 1404(a)…")). Thus, Plaintiff's first objection does not provide a basis to reject or modify the Report and Recommendation. *See VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004) ("An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context.").

Plaintiff's second objection is without merit. The Magistrate Judge correctly determined that Plaintiff's arguments about personal jurisdiction and Defendant's contacts were not relevant to determining the sole issue of proper venue. (*See* Report and Recommendation, Doc. No. 30 at 3 n.3). Because the Magistrate Judge did not err by not considering whether Defendant has sufficient minimum contacts, Plaintiff's second objection is overruled.

Plaintiff's third objection would be sustained *if* Defendant had filed a motion to transfer under 28 U.S.C. § 1404(a), because "[w]hen considering a section 1404(a) motion to transfer, 'a

district court should consider the private interests of the parties, including their convenience and the convenience of potential witnesses, as well as other public-interest concerns, such as systemic integrity and fairness, which come under the rubric of "interests of justice."'" *Ingram Barge Co., LLC v. Bunge N. Am., Inc.*, 455 F. Supp. 3d 558, 569 (M.D. Tenn. 2020) (quoting *Moses v. Bus. Card Express, Inc.*, 929 F.2d 1131, 1137 (6th Cir. 1991)). But Defendant did not file a motion to transfer under 28 U.S.C. § 1404(a), and, as correctly noted by the Magistrate Judge, "transfer of a case under Section 1404(a) is implicated only when the case has been filed in a proper district in the first instance." (Doc. No. 30 at 6-7).

### III. CONCLUSION

For the reasons described above, Plaintiff's objections fail to state viable grounds to challenge the Magistrate Judge's conclusions or otherwise provide a basis to reject or modify the Report and Recommendation. Thus, having fully considered Plaintiff's objections, the Court concludes that they are without merit, and that the Report and Recommendation should be adopted and approved. Accordingly, Defendant's Motion (Doc. No. 21) is **DENIED** to the extent it sought dismissal under Federal Rule of Civil Procedure 12(3) and **GRANTED** to the extent it sought transfer of this lawsuit to the appropriate venue. It is hereby **ORDERED** that this case be transferred to the U.S. District Court for the Eastern District of Virginia.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE